UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD NORWOOD,

    Plaintiff,

    v.

LELAND STANFORD JUNIOR UNIVERSITY, et al.,

    Defendants.

_____/

No. C 08-2250 PJH

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Edward Norwood ("Norwood") brought this action against defendants Leland Stanford Junior University ("Stanford"), Sedgwick CMS ("Sedgwick") and LTD Plan pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") seeking judicial review of the denial of long-term disability benefits under his employer's ERISA-based plan ("LTD-Plan").  Stanford and Sedgwick (collectively "defendants") now move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which Norwood opposes.  Defendants' motion to dismiss came on for hearing before this court on November 19, 2008.  Norwood appeared *pro se*.  Defendants appeared through their counsel, Denise Top.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS defendants' motion to dismiss, for the reasons stated below.

## BACKGROUND

Norwood was employed by Stanford from September 1, 1981 to March 19, 2002.  First Amended Complaint ("FAC") at 5:3-4.  He was a fully vested participant that contributed to his employer's LTD-Plan.  FAC at 5:4-5.  On March 7, 2002, Norwood was examined by a physician in Stanford's medical department and sent home from work due to

severe hypertension. FAC at 3:10-11. On March 19, 2002, Norwood's employment was terminated for unrelated reasons. Exh. E, attached to Compl.[1] On April 1, 2002, Norwood applied for state disability and unemployment benefits, which were subsequently denied. FAC 3:13. On July 19, 2002, Norwood filed an appeal for benefits under the Stanford University Voluntary Plan ("SUVP"). FAC at 3:14-15. On October 22, 2002, an Administrative Law Judge determined that Norwood was entitled to disability benefits under the SUVP from March 19, 2002 through March 19, 2003. FAC at 3:15-18. Benefits were apparently paid. On March 19, 2003, defendants ceased paying Norwood disability benefits. FAC at 3:21-23. In May 2003, Norwood filed a complaint with the United States Department of Labor, which ordered the continuation of benefits to Norwood. FAC at 3:23-24. On July 2, 2003, defendants reinstated all medical benefits to Norwood. FAC at 3:25-26.

On March 5, 2004, Norwood filed an appeal requesting to continue receiving LTD benefits beyond March 19, 2004. FAC at 3:26; 4:1; Exh. M, attached to Compl. On March 19, 2004, defendants ceased paying LTD benefits and discontinued medical coverage to Norwood. FAC at 4:1-2. On May 1, 2004, defendants sent Norwood a letter denying his appeal requesting reinstatement of his LTD benefits. FAC at 4:4-5. The denial letter stated that due to the nature of his disability, major depression, his LTD benefits were limited, in accordance with Section 3.04 of the LTD-Plan, to twenty-four months, which ended on March 19, 2004. Exh. M, attached to Compl.

On April 30, 2008, Norwood commenced the instant action in *pro se*, seeking a determination that he is entitled to LTD and retirement benefits beyond March 19, 2004. He filed a first amended complaint on August 12, 2008. Defendants filed a motion to

---

[1] The first amended complaint refers to exhibits attached to the original complaint. For a reason unknown to the court, none of these exhibits are attached to the first amended complaint. The court will nevertheless consider these exhibits as being part of the first amended complaint for purposes of its resolution of the motion to dismiss because the exhibits were attached to the original complaint, referred to in the first amended complaint, and no defendant has objected to their consideration.

2

dismiss on October 14, 2008, which Norwood opposes.

## DISCUSSION

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Illeto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

If a claim is barred by the applicable statute of limitations, dismissal pursuant to Rule 12(b)(6) is appropriate. Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Supermail Cargo Inc. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (citation and quotation marks omitted). "In fact,

a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Id. at 1207.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). An exception to this rule is that a court may consider material which is properly submitted as part of the complaint on a motion to dismiss. Id.; see also Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995) (when a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether a dismissal is proper). The court may also consider documents that are not physically attached to the complaint, if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Lee, 250 F.3d at 688.

B.      Legal Analysis

Defendants make three arguments in support of their motion to dismiss. First, they argue that Norwood's claims are time-barred because he failed to commence the instant action within the applicable statute of limitations. Second, defendants argue that, to the extent the FAC alleges that Norwood's LTD benefits were improperly terminated, it fails as a matter of law because the termination of benefits for a mental disability due to a maximum benefit limitation of twenty-four months is a permissible benefit plan limitation. Third, defendants argue that because there is no fiduciary relationship between Sedgwick and Norwood, Sedgwick should be dismissed with prejudice.

1.      Statute of Limitations

ERISA does not provide a statute of limitations for claims for benefits under an ERISA plan, so courts borrow the most closely analogous state limitations period. Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 646 (9th Cir. 2000). In Wetzel, the Ninth Circuit held that California's four-year statute of limitations period for suits on written contracts, Cal.Code Civ. Pro. § 337, provides the applicable

1  statute of limitations for an ERISA cause of action based on a claim for benefits under a
2  written contractual policy in California. Id. at 648.

3        The accrual of an ERISA cause of action, however, is determined by federal, not
4  state law. Wetzel, 222 F.3d at 649.   Under federal law, an ERISA cause of action accrues
5  either at the time benefits are actually denied, or when the insured has reason to know his
6  claim has been denied. Id.  Thus, the question is when Norwood's ERISA claim accrued
7  and whether his cause of action was filed within four years of the date it accrued as
8  required under the applicable statute of limitations, Section 337 of the California Code of
9  Civil Procedure.

10        Norwood was advised by defendants in letters dated July 22, 2003, October 14,
11  2003 and February 19, 2004, that due to the nature of his disability, major depression, his
12  LTD benefits were limited, in accordance with Section 3.04 of the LTD-Plan, to twenty-four
13  months. Exhs. J, O & Q, attached to Compl. Each of these letters advised Norwood that
14  the twenty-four months of LTD disability benefits would end on March 19, 2004. Id.
15  Further, the February 2004 letter expressly advised Norwood that his claim for LTD benefits
16  beyond March 20, 2004 was denied. Exh. O, attached to Compl. This letter also advised
17  Norwood that he had the right to appeal this determination. Id. Norwood's LTD benefits
18  were terminated on March 19, 2004. Because the February 2004 letter was a clear
19  rejection of Norwood's claim for LTD benefits, his ERISA cause of action accrued in
20  February 2004, or at the latest, on March 19, 2004, the date his LTD benefits were
21  terminated. Norwood's action, filed on April 30, 2008, was thus not commenced within the
22  four-year statutory limitations period. Therefore, because Norwood has not pled any facts
23  that would warrant a tolling of the statute of limitations, this claim is time-barred.

24        To the extent that Norwood alleges a claim for breach of a fiduciary duty predicated
25  on defendants' denial of "LTD and Retirement Benefits," the court finds that this claim is
26  also time-barred. ERISA provides for either a three or six-year statute of limitations
27  applicable to fiduciary duty claims depending on the facts of the case. See 29 U.S.C. §
28

1113.  The statute states:

> No action may be commenced . . . with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, after . . .
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced no later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.   The three-year statute of limitations is triggered upon "knowledge of the transaction that constituted the alleged violation, not by . . . knowledge of the law." Blanton v. Anzalone, 760 F.2d 989, 992 (9th Cir. 1985).   In applying the ERISA statute of limitations here, the court must conduct a two-step analysis and determine: (1) when did the alleged "breach or violation" occur; and (2), when did Norwood have "actual knowledge" of the breach or violation.  Ziegler v. Connecticut Gen. Life Ins., Co., 916 F.2d 548, 550 (9th Cir. 1990).

In the present case, the only allegation of wrongdoing is the denial of LTD benefits. Norwood had actual knowledge of this alleged breach on February 19, 2004, or at the latest, on March 19, 2004 when his LTD benefits were terminated.  In addition, there are no allegations of fraud or concealment in connection with defendants denial of LTD benefits. As such, the three-year statute of limitations applies to Norwood's breach of fiduciary duty claim.  Norwood's action, filed on April 30, 2008, was thus not commenced within the three-year statutory limitations period.  Therefore, because Norwood has not pled any facts that would warrant a tolling of the statute of limitations, this claim is also time-barred.

Finally, to the extent that Norwood alleges a claim for breach of a fiduciary duty predicated on defendants failure to inform him of his rights to retirement benefits under Stanford's "75 rule retirement Benefit Plan," which provides lifetime benefits to employees whose years of service plus age at retirement equal seventy-five, the court finds that Norwood has failed to plead allegations supporting such a claim for relief against defendants.  As pointed out by defendants, Norwood is not entitled to these benefits.  At the time of his termination, Norwood was forty-nine years old, Exh. F, attached to Compl.,

6

and had been employed by Stanford for approximately twenty-two years. FAC at 5:3-4. Thus, even assuming Stanford's lifetime benefit plan was part of Stanford's LTD-Plan, and that Norwood's termination did not exclude him from receiving lifetime retirement benefits, Norwood did not meet the rule of seventy-five requirement when he was terminated in March 2002. Accordingly, this claim is without merit.

## CONCLUSION

For the reasons stated above, the court hereby GRANTS defendants' motion to dismiss. The court finds that any amendment would be futile, and hence the dismissal is with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 20, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge