United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD NORWOOD, | No. C 08-2250 PJH |
| Plaintiff, | **ORDER DENYING REQUEST FOR A STAY; AND DENYING MOTION FOR ATTORNEY'S FEES** |
| v. | |
| LELAND STANFORD JUNIOR UNIVERSITY, et al., | |
| Defendants. _____/ | |

Before the court is defendants Leland Stanford Junior University ("Stanford") and Sedgwick CMS' ("Sedgwick") (collectively "defendants") motion for attorney's fees. Also before the court is plaintiff Edward Norwood's ("Norwood") request for a stay of this action during the pendency of Chapter 13 bankruptcy proceedings. The court finds these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing scheduled for January 14, 2009. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES Norwood's request for a stay and DENIES defendants' motion for attorney's fees, for the reasons stated below.

**BACKGROUND**

This is a case brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, challenging defendants' denial of payment of long-term disability ("LTD") benefits. On November 20, 2008, this court granted defendants' motion to dismiss with prejudice on the basis that the claims alleged in the complaint were time-barred. In addition, the court determined that, to the extent Norwood sought to allege a claim for breach of a fiduciary duty predicated on defendants failure to

inform him of his rights to retirement benefits under Stanford's "75 rule retirement Benefit Plan," this claim lacked merit insofar as Norwood failed to plead sufficient allegations supporting such a claim for relief. On December 4, 2008, defendants filed the instant motion for attorney's fees pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g). Norwood did not file an opposition to the motion but instead filed a Notice of Automatic Stay, seeking a stay of this action during the pendency of Chapter 13 bankruptcy proceedings, which he initiated on March 11, 2008. A reply was filed on December 29, 2008.

**DISCUSSION**

A.  Notice Of Automatic Stay

As an initial matter, before reaching the merits of defendants' request for attorney's fees, the court must first decide whether Norwood's filing of a Chapter 13 bankruptcy petition operates to stay this action. Defendants maintain that the court should not consider Norwood's request for a stay on the ground that his Notice of Automatic Stay is procedurally improper pursuant to 11 U.S.C. § 362, Federal Rules of Bankruptcy Procedure § 9013 and Local Bankruptcy Rule 4001-2. Defendants, however, offered no reasoned argument in support of this conclusory assertion. Norwood, for his part, also did not offer any reasoned argument in support of his request for a stay.

Title 11 U.S.C. § 362(a)(1) prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . ." The automatic stay under § 362(a)(1) generally applies only to proceedings against the debtor. In re Miller, 397 F.3d 726, 729 (9th Cir. 2005). An exception to this rule arises when a counterclaim is asserted against a debtor. See Parker v. Bain, 68 F.3d 1131, 1137 (9th Cir. 1995) (concluding that a counterclaim against a plaintiff who becomes a bankruptcy debtor is an "action or proceeding against the debtor" within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit, such that it was subject to the automatic stay under §

362(a)(1)); In re Miller, 397 F.3d at 732 (concluding that counterclaim for breach of fiduciary duty and related claims constituted "an action or proceeding" against debtor, and therefore a motion for attorney's fees, based on the breach of fiduciary duties, was a continuation of the counterclaim against debtor, such that it was subject to the automatic stay under § 362(a)(1)).

In this case, Norwood filed a Chapter 13 bankruptcy petition on March 11, 2008, thereby becoming a Chapter 13 bankruptcy debtor. Norwood subsequently commenced this action on April 30, 2008. Following this court's dismissal of Norwood's claims with prejudice, defendants filed the instant motion seeking attorney's fees. In response, Norwood filed a Notice of Automatic Stay, thereby notifying the court, for the first time, of the pending Chapter 13 bankruptcy proceedings. In doing so, Norwood has raised the issue of whether this action is subject to the automatic stay provision of § 362(a)(1). However, because Norwood failed to offer, and this court is unaware of, controlling authority holding that a stay is appropriate under the circumstances of this case which was initiated by the plaintiff/debtor and did not involve a counterclaim asserted by the defendant, the court DENIES the request to stay this action.

B.   Defendants' Motion For Attorney's Fees

Defendants argue that an award of attorney's fees is appropriate because Norwood's lawsuit was meritless and because a fee award will deter Norwood from continuing to bring vexatious lawsuits against them.

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); see also Tingey v. Pixley-Richards West, Inc., 958 F.2d 908, 909 (9th Cir. 1992). The Ninth Circuit has established a five-factor test to determine whether a court should exercise its discretion to award attorney's fees under § 1132(g)(1). The court should consider: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter

3

others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980); Honolulu Joint Apprenticeship & Training Comm. v. Foster, 332 F.3d 1234, 1238-39 (9th Cir. 2003).

Generally, the Hummell factors are applied to plaintiffs and defendants alike. See Tingley, 958 F.2d at 909. However, while recognizing that either a plaintiff or a defendant may be awarded fees under § 1132(g)(1) as a prevailing party, the Ninth Circuit has also indicated that the Hummell factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." Id. at 909 (citation and quotation marks omitted). In particular, the Ninth Circuit recognizes "little benefit to be had by charging individual plan-beneficiary plaintiffs . . . with costs for policy reasons that speak more appropriately to institutional litigants in the ERISA arena." Id. at 910; Flanagan v. Inland Empire Elec. Workers Pension Plan, 3 F.3d 1246, 1253 (9th Cir. 1993); see also Corder v. Howard Johnson & Co., 53 F.3d 225, 231 (9th Cir. 1995) (noting that Ninth Circuit disfavors awards of attorney's fees against individual ERISA plaintiffs who seek pension benefits to which they believe they are entitled); Credit Managers Ass'n of So. Cal. v. Kennesaw Life & Accident Ins. Co., 25 F.3d 743, 748 (9th Cir. 1994) (same).

In decisions more recent than Tingley and Corder, the Ninth Circuit has emphasized that it does not disfavor fee awards against ERISA plaintiffs:

> The statute is clear on its face - the playing field is level. In Corder, we did hold that 'the district court abused its discretion in awarding full fees against them.' We pointed out that our analysis was consistent with and was a part of the Hummell factors. Thus, our analysis in this case must focus only on the Hummell factors, without favoring one side or the other.

Estate of Shockley v. Alyeska Pipeline Service Co., 130 F.3d 403, 408 (9th Cir. 1997); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1236 (9th Cir. 2000) (citing Alyeska Pipeline, and noting that the court should not favor one side over the other because "the playing field is level").

4

As the Ninth Circuit explained even more recently, however, "Our cases are not inconsistent . . . . They reflect a recognition of both the remedial purpose of ERISA on behalf of beneficiaries and participants, as well as the clear statutory language that makes fees available to 'either party.' " See Honolulu Joint Apprenticeship, 332 F.3d at 1240 (citing § 1132(g)(1)).  The Ninth Circuit recognizes both that § 1132(g)(1) sets up a "level playing field," in the sense that fees can be awarded for either plaintiffs or defendants in an ERISA case; and that the Hummell factors, which are intended to guide the district court's discretion, are based on equitable principles that are generally more relevant in consideration of a plaintiff's motion for attorney's fees than a defendant's motion.

For example, the fourth factor - whether the party sought to benefit all participants and beneficiaries of plan - is not as relevant where a prevailing defendant seeks attorney's fees.  Bogue v. Ampex Corp., 976 F.2d 1319, 1327 (9th Cir. 1992); see also Tingley, 958 F.2d at 910 (stating that factors three and four - whether an award of fees against the opposing party would deter others from acting under similar circumstances, and whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA - are more appropriate to a determination of whether to award fees to a plaintiff than to a defendant).  The second factor - ability to pay - is a more significant factor where an individual beneficiary is the losing party.  See Tingley, 958 F.2d at 909-10.  Nevertheless, none of the Hummell factors is decisive; "various permutations and combinations can support an award of attorney fees."  Paddack v. Morris, 783 F.2d 844, 846 (9th Cir. 1986).

In this case, the first factor, bad faith, does not favor granting defendants' fee request.  Defendants did not make the requisite showing necessary for a finding of bad faith.  Defendants, for instance, did not offer persuasive evidence demonstrating that Norwood commenced this action with the knowledge that his claims were meritless and that he pursued such claims for the purpose of harassing defendants.

The second factor, Norwood's ability to satisfy an award of fees, also does not favor

granting defendants' fee request. It is undisputed that Norwood filed a Chapter 13 bankruptcy petition. Nor do defendants dispute Norwood's contention that his only source of income is Social Security Disability. Moreover, defendants have not offered any evidence indicating that Norwood has the funds to satisfy the fees requested, $19,362.76.

The third and fourth factors, whether an award of fees against the opposing party would deter others from acting under similar circumstances, and whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA, also do not favor granting defendants' fee request. Because the parties requesting fees are the defendants, the third and fourth Hummell factors are less relevant to the court's determination of whether attorney's fees are warranted insofar as these factors are "more appropriate to a determination of whether to award fees to a plaintiff than a defendant." See Tingley, 958 F.2d at 910.

As to the third factor, there is no evidence indicating that a fee award in this action will deter *others* from acting under similar circumstances. Defendants argue only that a fee award will deter Norwood from bringing vexatious lawsuits against them. They refer to his December 1, 2008 letter in which he states that he is "not done yet," and alludes to presenting his "story to the incoming Administration, Congress at the White House in Washington, D.C." It is not at all clear from the letter that Norwood is threatening further litigation based on the same facts as gave rise to this lawsuit, and the court does not construe it as such. Another law suit based on the same facts might well be grounds for defendants to seek a declaration that Norwood is a vexatious litigant, but an appropriate showing has not yet been made.

As to the fourth factor, defendants, through their defense of this action, did not seek to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. Finally, the court finds that the fifth factor, the relative merits of the parties' positions, weighs in favor of granting defendants' fee request insofar as plaintiff's claims were dismissed with prejudice. However, given that Norwood is a *pro se*

plaintiff, and that there is no persuasive evidence before the court indicating that Norwood understood before bringing this action that he was not entitled to the benefits he sought, the court finds that this factor does not weigh strongly in favor of a fee award.

In sum, because four of the five Hummell factors do not support granting defendants' fee request, the court concludes, on balance, that an award of attorney's fees is not appropriate.

## CONCLUSION

For the reasons stated above, the court hereby DENIES Norwood's request for a stay and DENIES defendants' motion for attorney's fees.

**IT IS SO ORDERED.**

Dated: January 9, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge